UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PRESTON SCOTT WHITING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4180 |
| | ) | |
| LOUIE GLOSSIP, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

The case is now before the Court for a merit review of Plaintiff's claims. The Court must
"screen" Plaintiff's complaint, and through such process to identify and dismiss any legally
insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally
insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be
granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the
plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements
and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its
face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that there is black mold growing in his cell and throughout the facility,
and that exposure has caused him to experience neurological symptoms. Plaintiff also alleges
that officials have threatened harm to other detainees who have filed grievances.

Plaintiff states a Fourteenth Amendment claim for inhumane conditions of confinement
against Defendants Glossip and Abernathy. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir.
2019). Plaintiff does not state a claim against the other defendants: Knox County Law

Enforcement Center is not a proper defendant under § 1983, *see Powell v. Cook County Jail*, 814

F. Supp. 757, 758 (N.D. Ill. 1993); and, Plaintiff has not alleged sufficient facts to show that any

constitutional deprivation he may have suffered resulted from an official policy attributable to all

Knox County officials. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658

(1978). No plausible inference arises that Defendant Advanced Correctional Healthcare, Inc. is

responsible for the conditions at the jail or that a policy of this defendant caused the deprivations

Plaintiff alleges.

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim for inhumane conditions of confinement against Defendants Glossip and Abernathy. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**4.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

**5.     The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the**

defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.      The clerk is directed to terminate Knox County Law Enforcement Center, Knox County, and Advanced Correctional Healthcare, Inc. as defendants.

12.      The clerk is directed to attempt service on Defendants Glossip and Abernathy pursuant to the standard procedures.

Entered this 17th day of May, 2023.

*s/Sara Darrow*
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE